IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO.: 04-2025(SEC) |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| WACKENHUT PUERTO RICO, INC. | ) ) ) | |
| Defendant. | ) ) | |



## CONSENT DECREE

1.  This Consent Decree (hereinafter the "Decree") is made and entered into by and between Plaintiff, the United States Equal Employment Opportunity Commission (hereinafter "EEOC" or the "Commission") and Defendant, Wackenhut Puerto Rico, Inc. (hereinafter "Wackenhut"). The EEOC and Wackenhut are collectively referred to herein as "the Parties."

2.  On September 29, 2004, the EEOC initiated this action against Wackenhut under Title VII of the Civil Rights Act of 1964, as amended, to correct alleged unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Catalina Lopez, who was adversely affected by such practices.

3.  In the interest of resolving this matter to avoid the cost of litigation, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by the entry of this Decree. This Decree is final and binding on the Parties, their successors, and assigns. By entering into this Consent Decree

Wackenhut does not admit it violated the rights of Catalina Lopez under Title VII of the Civil Rights Act of 1964.

4. The Parties agree that this Decree resolves all claims against Wackenhut alleged in EEOC Charge No. 16H-2003-00249 and the Complaint filed in this action. The Parties further agree that this Decree does not resolve any charges of discrimination that may be pending with the EEOC other than the charge referred to in this paragraph.

NOW, THEREFORE, the Court having carefully examined the terms and provisions of this Decree, and based on the pleadings filed by the Parties, it is **ORDERED, ADJUDGED, AND DECREED THAT**:

## JURISDICTION



5. This Court has jurisdiction over the subject matter of this action and over the Parties for the purposes of entering and enforcing this Decree.

6. No party shall contest the jurisdiction of this federal court to enforce this Decree and its terms or the right of the EEOC to seek enforcement of the Decree in the event Defendant breaches any of the terms of this Decree.

## GENERAL INJUNCTIVE PROVISIONS

7. Wackenhut, its officers, managers, employees, agents and partners, are hereby enjoined from engaging in conduct which violates Title VII of the Civil Rights Act of 1964, as amended, by adversely affecting the terms and conditions of any individual's employment on the basis of sex.

8. Wackenhut, its officers, managers, agents and partners, shall not discriminate

against any individual who opposes any of Defendant's practices which the employee believes to be unlawful employment discrimination; who files a charge of discrimination with the EEOC alleging violations of the statutes the Commission enforces; who cooperates with the EEOC in investigation and/or prosecution of any charge of discrimination; or who cooperated in the investigation and/or offered testimony or information in the above styled litigation which resulted in this Consent Decree.

### TRAINING

9. Wackenhut has established a written policy of compliance with Title VII. A complete copy of this policy will be distributed to all of its current employees at its Puerto Rico facilities within thirty (30) days of the Court's execution of this Decree. Wackenhut further agrees that all new employees will be provided a copy of the policy within one week of employment.



10. In order to further ensure the effective implementation of Defendant's anti-discrimination policy, Wackenhut will conduct a one (1) day annual training throughout the duration of this Decree for all of its managers and supervisory personnel at its corporate headquarters in Puerto Rico, with specific emphasis on recognizing sexual harassment and the proper procedure to be followed if they become aware of sexual harassment in the workplace and/or if they receive a complaint of such discrimination. Defendant agrees to provide the EEOC with at least two (2) weeks notice before it conducts its training session(s), with the date(s) and location(s) of the training, the identification of the training materials to be used at the training session, and the name and job title of the employees who will be in attendance at the training. The training will be conducted by an entity mutually agreed upon by EEOC and

Wackenhut. EEOC may, at its discretion, be in attendance at the training.

11. Defendant agrees that the training described in paragraph 10 shall be conducted within sixty (60) days of the entry of this Decree, and, should thereafter take place by March 31st annually for the duration of this Decree. Defendant further agrees that the training described in paragraph 10 shall be given to all new managers and supervisors, who did not attend the annual training, within thirty (30) days of being placed in a management or supervisory position.

## POSTING

12. The Defendant will post within seven (7) days from the Court's execution of this Decree, a laminated 11" x 14" sized copy of the Notice attached hereto as Exhibit A. Said notice shall be posted at Wackenhut's Puerto Rico locations for the duration of this Decree in conspicuous locations accessible to all employees (i.e. employee's bulletin board; office or location where employees pick up their pay-checks weekly or bi-weekly).



## MONITORING

13. The Defendant will retain all employment records relating in any way to any complaint made to a supervisor, manager, or human resources officer, and to any investigation of sexual harassment at any of Wackenhut's facilities in the Commonwealth of Puerto Rico, or at any facility that Wackenhut provides services to in the Commonwealth of Puerto Rico, for the duration of this Consent Decree and as required by federal law.

14. The Defendant will provide the EEOC every six (6) months with the name, last known address and last known phone number of any person employed by Wackenhut who has complained to his or her manager or supervisor, Human Resources Department, or any other company official that he or she has been subjected to sexual harassment while working for

Wackenhut during the preceding six (6) months. Wackenhut will also state its actions taken in response to each such allegation. The first report shall be submitted no later than six (6) months after the entry of this Decree, and thereafter every six (6) months throughout the duration of this Decree. The Defendant will provide upon request by the Commission any and all documentation associated with each such complaint.

15. Defendant will certify to the EEOC every six (6) months throughout the duration of this Decree that it is in compliance with all aspects of this Decree. The first such certification will be due no later than six (6) months after the entry of this Decree, and thereafter every six (6) months throughout the duration of this Decree.

## MONETARY PROVISIONS



16. Defendant shall pay a lump sum in the amount of Eighty thousand dollars ($80,000.00) in resolution of this litigation. The monies shall be representative of an out of court settlement for Ms. Lopez. Defendant will issue an I.R.S. Form 1099 to Ms. Lopez regarding same.

17. All payments shall be made by certified check payable to Catalina Lopez sent via certified mail to: Catalina Lopez Vasquez, HC 645 Box 6193, Trujillo Alto, Puerto Rico 00976. A copy of the check and I.R.S. Form 1099 shall be sent simultaneously to Nora E. Curtin, Equal Employment Opportunity Commission, 2 South Biscayne Blvd., Suite 2700, Miami, FL, 33131.

18. If Defendant fails to tender the above-mentioned payments as set forth in paragraph 16, then Defendant shall pay interest on the defaulted payment at the rate calculated pursuant to 26 U.S.C. Section 6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

## ENFORCEMENT OF DECREE

19. The Commission shall have independent authority to seek the judicial enforcement of any aspect, term or provision of this Decree.

## COSTS

20. Each Party shall bear its own costs associated with this litigation.

## DURATION OF CONSENT DECREE

21. The duration of this Decree shall be five (5) years from the date of entry of the Decree.

SO ORDERED, ADJUDGED AND DECREED, this _16_ day of _Jan_, 200_7_.

_____
SALVADOR E. CASELLAS
UNITED STATES DISTRICT JUDGE

AGREED TO:
FOR THE PLAINTIFF,
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION


by: _____  Date: January 12, 2007
Nora E. Curtin
Acting Regional Attorney
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Miami District Office
One Biscayne Tower, Suite 2700
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 808-1789
Facsimile: (305) 808-1835
nora.curtin@eeoc.gov


AGREED TO:
FOR THE DEFENDANT
WACKENHUT PUERTO RICO, INC.

by: _____  Date: Jan. 10, 2007
Ruperto F. Robles
LAW OFFICES ROBLES & FRIAS
P.O. Box 363973
San Juan, PR 00936-3973
Telephone: (787) 764-2198
Facsimile: (787) 763-2375
E-mail: roblesyfrias@bigplanet.com

1/10/07